**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RUBBENS GARCIA,

     Plaintiff,

vs.                             Case No.: 2:26-cv-01958

GSGI LLC, a Florida Limited Liability
Company; and ANGEL PINO,
Individually,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RUBBENS GARCIA ("Plaintiff"), by and through his undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, GSGI LLC, a Florida Limited Liability Company ("GSGI"), and ANGEL PINO, Individually ("PINO") (collectively "Defendants"), for unpaid overtime compensation, under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and related state law claims, and in support thereof states as follows:

### JURISDICTION & VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

2. The Court has supplemental jurisdiction over Plaintiff's breach of contract and unjust enrichment claims pursuant to 28 U.S.C. §1367 (a) because

Plaintiff's breach of contract and unjust enrichment claims form a part of the same case or controversy and arise out of a common nucleus of operative facts as his FLSA claim.

3.      The venue of this Court over this controversy is proper based on the location of the Defendant, GSGI's, headquarters being in Lee County, Florida.

4.      Venue is also proper because Plaintiff is a resident of Lee County and worked for Defendants in Lee County.

## PARTIES

5.      At all times material hereto, Plaintiff was, and continues to be, a resident of Lee County, Florida.

6.      At all times material hereto, Plaintiff was an employee of Defendants and worked for Defendants in Lee County, Florida, within the last three (3) years.

7.      At all times material hereto, GSGI was, and continues to be, a Florida Limited Liability Company, which offers law enforcement and community-based security personnel to provide customized security services engaged in business in Lee County, Florida.

8.      Based on the information and belief, at all times material hereto, Defendant PINO is a resident of Lee County, Florida.

9.      At all times material hereto, PINO owned and operated GSGI.

10.     At all times material hereto, PINO regularly held and exercised the authority to:  (a) hire and fire employees of GSGI; (b) determine the work schedules

2

for the employees of GSGI; and (c) control the finances and operations of GSGI.

11.    By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of GSGI; (b) determine the work schedules for the employees of GSGI; and (c) control the finances and operations of GSGI, PINO is an employer as defined by 29 U.S.C. 201 *et. seq.*

12.    Further, at all times material hereto, PINO was a manager for GSGI, acting in GSGI'S interest.

13.    At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

14.    At all times material hereto, Defendants were "employers" within the meaning of FLSA.

15.    At all times material hereto, GSGI was, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of FLSA.

16.    Based upon information and belief, the annual gross revenue of GSGI was in excess of $500,000.00 per annum during the three years preceding the date this Complaint is filed.

17.    At all times material hereto, Defendant GSGI had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as uniforms, ammunition, weapons, vehicles, computers, and telephones.

3

18.     At all times material hereto, the work performed by the Plaintiff was directly essential to Defendants' business.

## FACTUAL ALLEGATIONS

19.     Plaintiff was hired as a security guard for Defendants' security company, and was hired to provide security guard services to Defendants' clients.

20.     Other than a brief time in August and September 2023 that Plaintiff did not work, Plaintiff has worked for Defendant from approximately June 26, 2023, to the present.

21.     When Plaintiff was hired, he was classified as a W-2 employee.

22.     In 2024, Defendants changed Plaintiff's classification to that of an independent contractor, even though nothing about the circumstances of Plaintiff's employment changed, and the economic realities of his work continued to be that of an employer-employee relationship with Defendants.

23.     In February 2026, Defendants changed Plaintiff's classification back to that of a W-2 employee.

24.     Until February 2026, Plaintiff was paid hourly for his work for Defendants.

25.     In February 2026, Defendants purported to change Plaintiff's pay structure to a salaried compensation system.

26.     However, it is not clear whether Defendants actually paid Plaintiff on a salary basis from February 2026 forward.

27.     Throughout his employment with Defendants, Plaintiff regularly

worked over forty hours in a workweek, but Defendants did not pay him time and one half of his regular rate for hours over forty.

28. Indeed, until February 2026, Plaintiff regularly worked sixty or more hours per week, for which he was paid at his regular rate of pay, with no overtime premiums.

29. Plaintiff should be, and should have been, paid time and one half of his regular rate for his hours over forty in a workweek.

30. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was intentional and willful. Defendants knew, or with reasonable diligence should have known, that their practice of failing to pay overtime to Plaintiff was unlawful, including because GSGI and its predecessor company, INCGSGI, have fielded multiple claims of failure to pay overtime and independent contractor misclassification in the past ten years.

31. Plaintiff and Defendants entered into a tolling agreement on May 1, 2026, tolling the statute of limitations on Plaintiff's claims under the FLSA from April 24, 2026.

32. As such, the two-year statute of limitations for a non-willful violation in this case extends to April 24, 2024; and a three-year statute of limitations for a willful violation extends to before the beginning of Plaintiff's employment with Defendants.

33. As of February 2026, Defendants promised Plaintiff compensation for the equivalent of sixty (60) hours of work per week at an hourly rate of $33.00 per

hour.

34. Plaintiff was told this amount would be paid as a "salary."

35. Plaintiff performed work for Defendant on the basis of this agreement.

36. Despite that promise, since February 2026, Defendants have paid Plaintiff for only fifty (50) hours of work per week at the $33 per hour rate.

37. Defendants breached, and continue to breach, their contractual promise to Plaintiff.

38. Plaintiff has been damaged as a result in the amount of $330 per week since mid-February 2026.

39. Defendants knowingly retained the benefit of Plaintiff's work since February 2026, without paying the full amount agreed upon for such work.

40. It would be unjust to allow Defendants to retain the benefit of Plaintiff's work without providing Plaintiff the agreed upon compensation for same.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION VERSUS GSGI

41. Plaintiff incorporates all allegations contained within Paragraphs 1 through 32 above, as if fully set forth herein.

42. Plaintiff was and is entitled to be paid all wages due for all hours worked and, for each hour worked in excess of forty (40) in a workweek, overtime compensation as required by the FLSA.

43. During his employment with Defendants, Plaintiff regularly worked

overtime hours (hours over forty in a workweek) for which he was not paid only his regular rate of pay, without overtime premiums.

44.     Plaintiff should be compensated at one and one half times his regular rate of pay for hours over forty worked in a workweek.

45.     GSGI's acts and omissions were intentional, willful, and in reckless disregard of the FLSA.

46.     Plaintiff is entitled to recover his reasonable attorneys' fees and costs in this action pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against GSGI for the payment of all owed overtime premiums, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## BREACH OF CONTRACT

47.     Plaintiff incorporates all allegations contained within Paragraphs 1 through 26 and 33 through 40 above, as if fully set forth herein.

48.     In February 2026, Defendants promised to pay Plaintiff a weekly salary equivalent to sixty hours at $33.00 per hour.

49.     Plaintiff agreed to these terms and conditions of employment.

50.     Plaintiff then worked for Defendants, fulfilling his duties under the contract.

51.     Defendants paid Plaintiff at a rate of $33 per hour rate for only fifty

7

hours per week.

52.    Defendants' failure to pay Plaintiff as agreed breached the contract between Plaintiff and Defendants.

53.    Plaintiff was damaged by Defendants' breach, in the amount of $330 per week.

54.    As a result of Defendants' actions, Plaintiff seeks to recover damages as a result of the breach.

55.    The amounts owed are wages, and as such, Plaintiff is entitled to recover his reasonable attorneys' fees and costs pursuant to Fla. Stat. § 448.08.

56.    This claim is in addition to Plaintiff's claim for overtime compensation owed during these weeks. While a finding in Plaintiff's favor on this count may raise the regular rate at which overtime is owed, any amounts awarded are not an offset against the owed overtime, as they are separate amounts which should have been used in calculating the regular rate prior to the payment of overtime.

WHEREFORE, Plaintiff demands judgment against Defendants for all contractual damages owed, plus pre and post-judgment interest, and attorneys' fees and costs, along with any other relief the Court deems just.

## COUNT III
## UNJUST ENRICHMENT
### (in the alternative)

57.    Plaintiff incorporates all allegations contained within Paragraphs 1 through 26 and 33 through 40 above, as if fully set forth herein.

58.    To the extent the Court or finder of fact determines that no contract

8

governs Plaintiff's relationship with Defendants, they nonetheless have been unjustly enriched by profiting from Plaintiff's work, without making full payment to Plaintiff for same.

59.     Plaintiff performed work for Defendants' benefit, based on Defendants' promises regarding the rate of pay.

60.     Defendants knowingly accepted the benefits of the work that Plaintiff performed.

61.     At the time they accepted the benefits of Plaintiff's work, Defendants were aware that Plaintiff expected to be paid a salary equivalent to sixty hours at $33.00 per hour.

62.     Defendants have retained the value of Plaintiff's work under circumstances rendering such retention unjust, as described above.

63.     Plaintiff seeks recovery of the benefit unlawfully retained by Defendants, and such other legal and equitable relief this Court deems just and proper based on Defendants' unlawful conduct.

64.     The amounts owed are wages, and as such, Plaintiff is entitled to recover his reasonable attorneys' fees and costs pursuant to Fla. Stat. § 448.08.

65.     This claim is in addition to Plaintiff's claim for overtime compensation owed during these weeks. While a finding in Plaintiff's favor on this count may raise the regular rate at which overtime is owed, any amounts awarded are not an offset against the owed overtime, as they are separate amounts which should have been used in calculating the regular rate prior to the payment of overtime.

WHEREFORE, Plaintiff demands judgment against Defendants for all available equitable relief, including disgorgement and restitution, plus pre and post-judgment interest, and attorneys' fees and costs, along with any other relief the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendants.

Dated this 11th day of June 2026.

Respectfully submitted,

_____

Angeli Murthy, Esq., B.C.S.
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
8151 Peters Rd., Suite 4000
Plantation, FL 33324
Phone: (954) 327-5369
Fax:    (954)-327-3016
E-mail:  amurthy@forthepeople.com

*Trial Counsel for Plaintiff*